BALBINA BALBAÑO DE CASO ET AL., Sureties and Appellants, *v.* FRANCISCO P. CINTRÓN, Plaintiff and Appellee.

No. 7803. Argued July 26, 1938.—Decided November 9, 1938.

*R. Rivera Zayas* and *J. Velilla* for appellants.   *Henry M. Besosa* for appellee.

MR. JUSTICE DE JESÚS delivered the opinion of the court.

In an action of debt brought in the District Court of San Juan by Francisco P. Cintrón against the Insular Industrial & Agricultural Exposition Association, Inc., the present appellants, Balbina Balbaño widow of Caso and Dr. José B. Caso gave a bond in the amount of $2,708.46 to release an attachment which had been levied upon the property of the defendant to secure the effectiveness of the judgment.

Final judgment having been entered in favor of plaintiff, a writ of execution was issued against the defendant, which was returned by the marshal unsatisfied, it being stated in the return that the defendant was without property within the judicial district of San Juan from which to satisfy the judgment.

A summons was then issued directing the sureties to appear and show cause why they should not be bound by

the judgment. The sureties appeared and objected to plaintiff's contentions upon the following grounds:

(*a*) For the reason that the order directing the attachment of property of the defendant and the writ issued pursuant thereto are *void ab initio*, because the former was entered by a purported officer without authority and jurisdiction to enter the same, and because the aforesaid officer was without jurisdiction to approve, as he did, the bond given by the appellant sureties to release the attachment.

(*b*) For the reason that the summons to show cause is not in accordance with the provisions of section 307 *et seq.* of the Code of Civil Procedure, because the same does not contain an adequate description of the judgment.

(*c*) For the reason that the provisions of the Act to secure the effectiveness of judgments, approved March 1, 1902, as amended by Act No. 27 of 1916, have not been complied with.

(*d*) For the reason that after entry of judgment by the district court and affirmance thereof by the Supreme Court, an order of execution was issued on plaintiff's motion, against the defendant, and on February 21, 1938, the marshal returned the same to the district court unsatisfied, the return stating that the defendant was without property within the judicial district of San Juan, and subsequent to the aforesaid order of execution the district court amended the judgment so entered on two occasions, the last amendment having been made on June 13, but that on no occasion subsequent to the said date has an attempt been made to execute the judgment as amended against properties of the defendant; and

(*e*) For the reason that the judgment in this case was amended on June 13, 1938, and was not final on the date on which the summons to show cause was issued to the sureties, and that they therefore should not be bound by the judment.

The court heard the parties, and the appellants offered evidence tending to show that Hon. Manuel Rodríguez Serra, who was the judge who entered the aforesaid order of attachment and who approved the bond to release the attachment, was appointed by the Governor of Puerto Rico to act as Judge of the District Court of San Juan during vacation and in substitution for the regular judges while on vacation.

Upon consideration of the evidence, the court, on June 27 last, entered the following judgment:

"For the reasons set forth in the opinion filed in the record in this case, the court enters judgment decreeing the forfeiture of the bond in this case made by the sureties Balbina Balbaño widow of Caso and Dr. José B. Caso in favor of the plaintiff Francisco P. Cintrón and directs the issuance of an order of execution against the aforesaid sureties for the sum of $1,825.98 with legal interest thereon at the rate of 6 per cent per annum from December 26, 1935, until full payment."

It was from that judgment that the sureties took the present appeal, which plaintiff has moved to dismiss as frivolous.

In the opinion upon which the lower court based the judgment above transcribed, consideration was given to the grounds of opposition set up by the sureties to show why they should not be bound by the judgment in question.

■ (a) From the answer which appellants have filed in this court in opposition to the motion to dismiss it appears clearly that Hon. Manuel Rodríguez Serra was appointed by the Governor of Puerto Rico to act as judge during the vacation of the District Court of San Juan in the year 1934. It does not therefore follow that the said judge was appointed to substitute any one of the regular judges for the purposes of hearing some case in which the latter, for some reason, would have been disqualified, and consequently the principles laid down by the U. S. Circuit Court of Appeals for the First Circuit in the case of *Annoni* v. *Blas Nadal's Heirs*, 94 F. (2d) 513, are not here applicable, as the judge of the lower court very well points out in his opinion. His appointment was lawfully made and his actions are valid.

■ (b) We agree with the judge of the lower court that the ground of opposition hereinbefore set forth under the letter (b) is completely frivolous, since in the summons to show cause and in the first paragraph of the preamble thereof, the amount of the judgment entered against the Insular Industrial & Agricultural Exposition Association, is expressly stated, that is, $1,825.98 with legal interest thereon from December 26, 1935.

■ (c) Appellants' ground of opposition set out here-inbefore under the letter (c), to the effect that the lower court did not comply with the provisions of the Act to secure the effectiveness of judgments, as amended by Act No. 27 of 1916 (Session Laws, p. 77), is likewise without merit. Particulars are not given as to what the lower court's failure to comply with the statute consists in, but from the opinion of the lower court it appears that at the hearing the appellants contended that the bond made by the sureties had not been forfeited before issuance of the summons to show cause, in accordance with the provisions of section 16 of the Act to secure the effectiveness of judgments, as amended by the Act of 1916 above cited. Upon this point it is sufficient to cite what this court said in the case of *Arbona Bros.* v. *H. C. Christianson & Co.,* 26 P.R.R. 250, as follows:

". . . the fact that the bond was adjudged forfeited is clearly shown by the judgment rendered against the sureties on June 23, 1917, requiring them to pay the amount of the bond after the writ of execution against the judgment debtor had been returned unsatisfied. The law was substantially complied with and it is immaterial that the forfeiture of the bond was not expressly adjudged."

In the present case, with greater reason, the judge of the lower court in entering judgment correcting the omission before referred to, begins by decreeing the forfeiture of the bond. The ground of opposition set up by appellants is, therefore, nonexistent.

■ (d) From the record it appears that the judgment, after entry, was amended with respect to certain clerical errors and that subsequently and after the first summons to show cause had been issued to the bondsmen, and before the issuance of the second which gave rise to the judgment appealed from, the plaintiff waived the sum of $200, which was part of the judgment entered in his favor against the defendant. We believe that, since the amendment to the judgment on the waiver of the sum of $200 was beneficial to the sureties and to the defendant itself, the amendment

does not in any way affect the right to execution which the plaintiff might have had by reason of the lapse of time since notification of the original judgment, and that a new summons to the sureties to show cause was unnecessary.

(e) As we said in considering appellants' ground of opposition marked (d), the amendment to the judgment did not deprive it of its final character, and therefore the summons to the bondsmen to show cause was opportunely issued.

Upon consideration of the five grounds set up by appellants, the conclusion is unavoidable that they are without any legal basis, and the appeal taken by the sureties is therefore completely frivolous and must for that reason be dismissed.

Mr. Chief Justice Del Toro took no part in the decision of this case.